# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DERRICK SIMPSON, <br><br> Plaintiff, <br><br> v. <br><br> F. AGATONE, et al., <br><br> Defendants. | Case No. 2:15-cv-00254-RFB-CWH <br><br> **SCREENING ORDER AND REPORT AND RECOMMENDATION** |

Nevada state-prison inmate Derrick Simpson brings this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred when he was arrested outside a McDonald's restaurant and subsequently incarcerated at the Clark County Detention Center. Simpson moves to proceed *in forma pauperis*. (IFP Application (ECF No. 12), filed on June 23, 2017.) Simpson submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Simpson's request to proceed *in forma pauperis* therefore will be granted. The court now screens Simpson's amended complaint (ECF No. 3-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     ANALYSIS**

   **A.  Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the amended complaint**

Across six claims, Simpson sues the Las Vegas Metropolitan Police Department ("LVMPD"); LVMPD Officers F. Agatone, Matt Carter, T. Hatchett, T. Maldonado, Justin Spurling, and K. Thomas in their personal capacities; Clark County; and Naphcare, Inc. for alleged violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. He seeks $1,170,000 in compensatory damages.

///

*1. Claim one*

In his first claim, Simpson alleges that on April 8, 2013, after he left a McDonald's restaurant, Officer Spurling snatched Simpson's property, grabbed him, and slammed his head into the trunk of a police patrol car, causing him to suffer a severe head injury and lacerated lip. (Am. Compl. (ECF No. 3-1) at 7-10.) Simpson further alleges Officers Carter and Spurling searched, handcuffed, and placed him in the patrol car's back seat, and then denied him medical attention. (*Id.* at 10.) Simpson states the officers arrested him without probable cause for a false charge of battery and transported him to the Clark County Detention Center, where a hood was placed over his head, his shoes and socks were confiscated, and he was strapped in a chair for over two hours. (*Id.* at 10-11.) Simpson states he was given an unknown injection while strapped down and was transported to a module for inmates with psychiatric issues, where he was stripped and left naked until his arraignment on April 10, 2013. (*Id.* at 11-12.) Simpson claims he was assaulted outside McDonald's and arrested in retaliation for the fact he had filed previous complaints against Officer Spurling. (*Id.* at 7, 10.) These allegations are best construed as claims for excessive force and false arrest.

                i.       Excessive force

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agen*cy, 261 F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the

Fourth Amendment excessive force context" and the court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (en banc).

Here, Simpson states a colorable excessive force claim against Officer Spurling. He alleges that Officer Spurling stopped him in the parking lot and slammed his head into the truck of the police patrol car, resulting in a head injury and lacerated lip. Liberally construing Simpson's amended complaint, he had not committed a crime and did not pose a safety threat to the officers or anyone else. The court therefore will recommend that Simpson's excessive force claim should proceed against Officer Spurling.

       ii.  False arrest

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

Here, Simpson states a colorable false arrest claim against Officers Spurling and Carter. He alleges they stopped, searched, handcuffed, and arrested him in the McDonald's parking lot without probable cause or other justification. Liberally construing Simpson's allegations, under the totality of the circumstances alleged to have occurred, a reasonable person would not believe Simpson had committed a crime. The court therefore will recommend that Simpson's false arrest claim should proceed against Officers Spurling and Carter.

    2. *Claim two*

In claim two, Simpson alleges his Fifth Amendment rights were violated because Officers Carter and Spurling prepared a false police report and declaration of arrest stating that they were dispatched concerning a 9-1-1 call about Simpson and that a security guard at McDonald's had

pointed out Simpson to the officers. (Am. Compl. at 13.) Simpson states an investigator learned the securing guard never worked at McDonald's. (*Id.* at 14.) Simpson further alleges Officer T. Hatchett participated in a conspiracy with Officers Carter and Spurling to manufacture the 9-1-1 call and that Officer Hatchett signed a false witness statement regarding the arrest. (*Id.* at 14-15.) According to Simpson, Officers K. Thomas and F. Agatone also participated in the conspiracy because the police report indicates these officers witnessed the fabricated events leading to Simpson's arrest. (*Id.* at 15.) Officer Maldonado participated in the conspiracy by approving the creation of the false arrest report and approving the unlawful arrest and detention. (*Id.* at 15-16.)

Simpson also alleges Clark County deprived him of his Fifth Amendment due process rights by holding him in Clark County Detention Center for four months on false felony charges, then subsequently reducing the charges to a misdemeanor after he had already served the maximum time for a misdemeanor. (*Id.* at 16.) Simpson states the misdemeanor charge eventually was dropped and he never had the opportunity to confront the witnesses or have a public trial. (*Id.*) Finally, when he was released from Clark County Detention Center, various items of his personal property were not returned to him. (*Id.* at 16-17.)

The Fifth Amendment's due process clause protects individuals from arbitrary government action by prohibiting the federal government from depriving people of "life, liberty, or property without due process of law." U.S. Const. Amend. V. The Fifth Amendment's due process and equal protection clauses "apply only to actions of the federal government—not those of state or local governments." *Lee v. City of Los Angeles*, 250 F. 3d 668, 687 (9th Cir. 2001). Thus, to state a claim for Fifth Amendment violations, the plaintiff must allege federal action. *See id.*

Here, Simpson does not allege any of the defendants are federal actors. The court therefore will recommend that Simpson's Fifth Amendment claim against Officers Carter, Spurling, Hatchett, Thomas, Agatone, Maldonado, and Clark County be dismissed, with leave to amend.

/ / /

/ / /

### 3. *Claim three*

In claim three, Simpson states Clark County and the Las Vegas Metropolitan Police Department violated his Thirteenth Amendment rights because he was subjected to involuntary servitude in the Clark County Detention Center for a period of four months for a crime he did not commit. (Am. Compl. at 18.)

The Thirteenth Amendment provides individuals with the right to be free from involuntary servitude: "neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States or any place subject to their jurisdiction." U.S. Const. Amend. XIII. It "prohibits peonage—a condition in which the victim is coerced by threat of legal sanction to work off a debt to a master." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004). There is not a private right of action under the Thirteenth Amendment; rather, "plaintiffs must instead base such claims on one of the statutes implementing the Thirteenth Amendment, such as [42 U.S.C. § 1994]." *Del Elmer v. Metzger*, 967 F. Supp. 398, 402 (S.D. Cal. 1997) (collecting cases).

Simpson fails to state a claim for violation of the Thirteenth Amendment as a matter of law because he does not bring the claim under one of the statutes implementing the Thirteenth Amendment. Even assuming a private right of action exists under § 1983 for a Thirteenth Amendment violation, and liberally alleging Simpson's amended complaint, he does not allege that he was forced to work while he was incarcerated. The court therefore will recommend that Simpson's Thirteenth Amendment claim against Clark County and the Las Vegas Metropolitan Police Department be dismissed, without leave to amend.

### 4. *Claim four*

In claim four, Simpson alleges Clark County violated his Sixth Amendment right to a public trial and to confront the witnesses against him, which included Officers Spurling, Carter, Hatchett, Agatone, Thomas, the Clark County Detention Center's custodian of records, and the LVMPD's custodian of records. (Am. Compl. at 19-20.) Simpson states the witnesses did not appear on the scheduled trial date. (*Id.* at 20.) Elsewhere in the amended complaint, Simpson alleges the misdemeanor charge against him was dropped. (*Id.* at 16.)

Under the Sixth Amendment, an accused person in a criminal prosecution is entitled to a speedy trial, an impartial jury, knowledge of the accusations against him, the ability to call and confront witnesses, and to assistance of counsel in his defense. U.S. Const. amend. VI. Liberally construing the amended complaint, it appears Simpson alleges his Sixth Amendment rights were violated because the misdemeanor charge against him was dismissed before he had the opportunity to confront the witnesses against him. But it is unclear to the court how Simpson was prejudiced under these circumstances or why he is entitled to monetary damages under § 1983. *See Weatherford v. Busey*, 429 U.S. 545 (1977) (holding that a plaintiff failed to state a § 1983 claim for deprivation of the Sixth Amendment right to counsel because the plaintiff suffered no prejudice in the criminal case).

Moreover, "[a] local governmental entity may be sued under section 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom." *Arpin*, 261 F.3d at 925 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Simpson does not allege the misdemeanor charges were dismissed to deprive him of a chance to confront the witnesses against him pursuant to an official policy of the County. Accordingly, the court will recommend that Simpson's Sixth Amendment claim be dismissed, with leave to amend.

### 5. Claim five

In claim five, Simpson alleges his Eighth Amendment rights were violated when Officer Spurling slammed his head into the patrol car and Officers Spurling and Carter subsequently denied him medical attention despite Simpson's head injury and lacerated lip. (Am. Compl. at 21.) Simpson also states that when he was strapped to the chair at the Clark County Detention Center, it resulted in pain and injury to his neck, back, wrists, and thighs. (*Id.* at 21-22.) He further alleges he was harmed by the injection he received, which was painful and resulted in unconsciousness. (*Id.* at 22.) These allegations are best construed as an Eighth Amendment claim for cruel and unusual punishment.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishment. U.S. Const. amend. VIII. This prohibition applies to those who have been convicted of a crime. *Graham*, 490 U.S. at 393 & n.6 (stating that the "Eighth Amendment standard applies

only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." (quotation omitted)).

Here, Simpson cannot state a claim for cruel and unusual punishment under the Eighth Amendment as a matter of law because he does not allege he was injured after he was found guilty of a criminal offense. Rather, the amended complaint indicates he was slammed into the police car and restrained in the chair before any adjudication before a court. Given that the Eighth Amendment claim fails as a matter of law and that Simpson has properly alleged an excessive force claim under the Fourth Amendment, the court will recommend that his Eighth Amendment claim be dismissed, without leave to amend.

      6. *Claim six*

In claim six, Simpson alleges defendants Spurling, Carter, Maldonado, Hatchett, Agatone, Thomas, LVMPD, and Clark County denied him equal protection of the law as a result of the incidents at issue in this case, including his arrest, the officers' alleged conspiracy to orchestrate and justify his arrest, and his subsequent incarceration. The court construes these allegations as a Fourteenth Amendment equal-protection claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1983)). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee*, 240 F.3d at 686. Here, Simpson does not state a claim for violation of the Fourteenth Amendment's equal protection clause because he does not allege he was denied equal protection based on his membership in a protected class.

Moreover, "[a] local governmental entity may be sued under section 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom." *Arpin*, 261 F.3d at 925 (citing *Monell*, 436 U.S. at 690–91). Simpson does not allege that the incidents

surrounding his arrest and incarceration were pursuant to an official policy of the LVMPD or the County. Given these deficiencies, the court will recommend that Simpson's Fourteenth Amendment claim be dismissed, with leave to amend.

### 7. *Claims against Naphcare*

Although Simpson names Napcare as a defendant, he does not allege any facts regarding its involvement in this case. *See* Fed. R. Civ. P. 8(a) (requiring a plaintiff to state, in short and plain terms, a claim showing an entitlement to relief). Given the lack of factual allegations against Naphcare, the court will recommend that this case be dismissed as to Naphcare for failure to state a claim, with leave to amend.

### 8. *Instructions for amendment*

If the United States district judge assigned to this case adopts this report and recommendation and Simpson chooses to file a second amended complaint, Simpson is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Simpson still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Simpson further is advised that if he files a second amended complaint, the original complaint (ECF No. 1-1) and amended complaint (ECF No. 3-1) no longer serve any function in this case. As such, if he files a second amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his second amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.     CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that Simpson's application to proceed *in forma pauperis* (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and file Simpson's amended complaint (ECF No. 3-1) and send Simpson a courtesy copy of it.

IT IS RECOMMENDED that:

- the portion of claim one alleging an excessive force claim should proceed against Officer Spurling;
- the portion of claim one alleging a false arrest claim should proceed against Officer Spurling and Officer Carter;
- Simpson's Fifth Amendment claim (claim two) against Officers Carter, Spurling, Hatchett, Thomas, Agatone, Maldonado, and Clark County be dismissed, with leave to amend;
- Simpson's Thirteenth Amendment claim (claim three) against Clark County and the Las Vegas Metropolitan Police Department be dismissed, without leave to amend;
- Simpson's Sixth Amendment claim (claim four) against Clark County be dismissed, with leave to amend;
- Simpson's Eighth Amendment claim (claim five) be dismissed, without leave to amend;
- Simpson's Fourteenth Amendment claim (claim six) against Spurling, Carter, Maldonado, Hatchett, Agatone, Thomas, the LVMPD, and Clark County be dismissed, with leave to amend;
- this case be dismissed as to Naphcare for failure to state a claim, with leave to amend.

## III.     NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 5, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE