UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DERRICK SIMPSON, | Case No. 2:15-cv-00254-RFB-DJA |
| --- | --- |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| F. AGATONE, et al., | |
| Defendants. | |

Presently before the court is pro se Plaintiff Derrick Simpson's Motion for Leave to File a Second Amended Complaint (ECF No. 27).[1]

On October 17, 2018, the United States District Judge assigned to this case adopted the screening order in full as ordered as follows:

- The portion of claim one alleging an excessive force claim will proceed against Officer Spurling;
- The portion of claim one alleging a false arrest claim will proceed against Officer Spurling and Officer Carter;
- Simpson's Fifth Amendment claim (claim two) against Officers Carter, Spurling, Hatchett, Thomas, Agatone, Maldonado, and Clark County are dismissed, with leave to amend;
- Simpson's Thirteenth Amendment claim (claim three) against Clark County and the Las Vegas Metropolitan Police Department are dismissed, without leave to amend;
- Simpson's Sixth Amendment claim (claim four) against Clark County is dismissed, with leave to amend;

---

[1] Although filed one day late, the Court will screen the instant Motion on the merits.

1  • Simpson's Eighth Amendment claim (claim five) is dismissed, without leave
2    to amend;
3  • Simpson's Fourteenth Amendment claim (claim six) against Spurling, Carter,
4    Maldonado, Hatchett, Agatone, Thomas, the LVMPD, and Clark County is
5    dismissed, with leave to amend; and
6  • This case is dismissed as to Naphcare for failure to state a claim, with leave to
7    amend.
8 (ECF No. 20). Based on this order, these are the operative claims in this case.

Simpson filed a Second Amended Complaint on August 23, 2019 (ECF No. 27), which the Court will now screen. In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Preliminarily, Plaintiff's Count One appears to attempt to state a claim under the Fourth Amendment with nine subparts including: unlawful stop, excessive force, unreasonable search and seizure, false arrest, malicious prosecution, false imprisonment, and unlawful seizure. However, the Court's screening order did not provide Plaintiff with leave to amend a Fourth Amendment claim. More significantly, the nine subparts of his alleged claim are largely repetitive of the two Fourth Amendment claims he is already permitted to proceed on under claim one of the Amended Complaint – excessive force and false arrest. Therefore, as Plaintiff was not given leave to amend his Fourth Amendment claim and his factual allegations are duplicative of two claims on which he is already been permitted to proceed, it is hereby recommended that his additional Fourth Amendment claims in the Second Amended Complaint be denied without leave to amend.

As for Plaintiff's Count Two, it appears to attempt to state a claim under the Fourteenth Amendment for violation of his due process rights with twelve subparts including: unlawful stop, excessive force, unreasonable search and seizure, denial of medical attention, false arrest, malicious prosecution, false imprisonment, and unlawful seizure. The thrust of Plaintiff's claims, in the Amended Complaint and the proposed Second Amended Complaint, is that Defendants violated his rights when he was arrested by smacking his head getting into the patrol car, subjecting him to a search incident to arrest, injected him with some unknown substance while strapped to a chair, and held him in CCDC illegally after Officers Spurling and Carter made false statements.

As outlined in the Court's Screening Order (ECF No. 16), Plaintiff repeats the same allegations in the proposed amendment, which fail as a matter of law. For example, "[a] local governmental entity may be sued under section 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

690–91 (1978)).  Plaintiff does not allege that the incidents surrounding his arrest and incarceration were pursuant to an official policy of the LVMPD or the County.

Also, the substantive component of the Fourteenth Amendment's Due Process Clause prohibits the government from depriving a person of life, liberty, or property in a way that "interferes with rights implicit in the concept of ordered liberty." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996–97 (9th Cir. 2007) (citation omitted).  To succeed on a substantive due process claim, a plaintiff must show a liberty or property interest protected by the Constitution.  *Id*.  Here, Plaintiff has not alleged that he is a member of a suspect class or indicated that his claims involve a fundamental right.  Thus, a rational basis review is appropriate.  After a thorough review of all of the factual allegations in Plaintiff's proposed amendment, he fails to state a valid substantive due process claim upon which relief may be granted.

Moreover, the Fourteenth Amendment protects against the government's interference with "an individual's bodily integrity." *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996)).  Government officials are justified in using force, including deadly force, in carrying out legitimate governmental functions.  *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1408 (9th Cir. 1989).  However, if the force is "excessive, used without justification or for malicious reasons, there is a violation of substantive due process." *Id*.  The force Plaintiff alleges was used does not satisfy the requirements for excessive force under the Fourteenth Amendment and his factual allegations are the same for the Fourth Amendment excessive force claim that he has been permitted to proceed on.

A pretrial detainee's claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate-indifference standard. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).  The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking

1  such measures, the defendant caused the plaintiff's injuries." *Id*. at 1125. "With respect to the
2  third element, the defendant's conduct must be objectively unreasonable, a test that will
3  necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id*. (quoting *Castro*
4  *v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more
5  than negligence but less than subjective intent—something akin to reckless disregard." *Id*. The
6  mere lack of due care is insufficient. *Id*. Plaintiff has not alleged facts to support a claim of
7  deliberate indifference to his serious medical needs because he has not asserted any actions that
8  contravened a physician's orders or that officers knew of and disregarded an excessive risk to his
9  health. Further, again Plaintiff has failed to state sufficient facts to identify the involvement of
10 Naphcare to warrant adding it as a party.

11  Given Plaintiff's failure to cure the pleading deficiencies, the Court will recommend that
12 leave to amend these Fourteenth Amendment claims be denied as a futile attempt to reinstate
13 claims that the Court previously dismissed giving Plaintiff the opportunity to amend.

### RECOMMENDATION

15  IT IS THEREFORE RECOMMENDED that this case proceed on the operative Amended
16 Complaint claims as outlined in the Court's Order (ECF No. 20) and Plaintiff's Motion for Leave
17 to File a Second Amended Complaint (ECF No. 27) be **denied**.

### NOTICE

19  This report and recommendation is submitted to the United States District Judge assigned
20 to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation
21 may file a written objection supported by points and authorities within fourteen days of being
22 served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
23 objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
24 1153, 1157 (9th Cir. 1991).

25  DATED: January 7, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE